[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A so-called Standard Tallow hearing has been scheduled for February 23, 1994, in connection with motions to dismiss for lack of subject matter jurisdiction filed by the defendants University of Bridgeport (UB), its Board of Trustees, the Professors World Peace Academy (PWPA), and the state Board of Governors of Higher Education (BGHE). By virtue of a memorandum of decision dated January 13, 1994, the hearing is limited to the allegations of the three student plaintiffs, Aisha Abdullah, April Stevens, and Melissa Katz, that their "contractual interest[s] in educational benefits and certification opportunities" are endangered by reason of the agreement between UB and the PWPA, and the connection between such endangerment and the relief sought.
The plaintiffs, UB students, donors, alumni, a life trustee and a former trustee, have served deposition notices on eight of UB's officers, including its president, the executive director of enrollment management, the executive director of international and graduate admissions, an advisor to the provost, a professor on counseling, the "head" of the mathematics department, the director of financial aid, and the dean of student development. In connection with the deposition notice directed to UB's president, Edwin Eigel, the plaintiffs requested production of twenty-three separate documents or series of documents. The following examples, which are only a few of the documents requested, illustrate the excessively broad scope of the documents that the school's president is directed to bring with him to his deposition: minutes of all board meetings in 1991 and 1992 at which the issue of PWPA affiliation was discussed; information regarding whether a particular student is a PWPA recruited student; the enrollment levels of non-PWPA recruited students; all applications for admission submitted by international students, including their religious affiliation; the enrollment and names of students from 1991 to the present; the levels of donation from alumni and parents and others; the names of students who left the school after May, 1992, without completing their degrees; the amount of tuition, income, revenue sources, expenditures and debts; and the curriculum vitae and resume of every faculty member and administration officer hired since May, 1992.
The defendants have filed motions for a protective order seeking the preclusion of all discovery, including the taking of depositions of the above-named officers, and production of each of the requested CT Page 1445 documents appended to the Eigel notice of deposition. A hearing was held yesterday concerning the defendants' objection to the discovery sought by plaintiffs, and after a review of the memoranda filed by the parties, I agree with the defendants that the scope of the requested discovery is overbroad and not permissible in the context of the scheduled hearing on standing.
The hearing was scheduled in order that the three students might have the opportunity to expand on the bare allegations in their complaint that their educational benefits and certification opportunities had been "endangered." If it is ultimately determined that this court has subject matter jurisdiction because one or more of the plaintiffs has standing to pursue this action, the information sought by plaintiffs by way of document discovery may well be relevant, but the hearing on February 23, 1994 is confined to the impact on the three named student plaintiffs.
The depositions of the school's officers may go forward as scheduled, to be confined strictly and solely to inquiries regarding the impact of the UB-PWPA agreement on the three student plaintiffs. Questions, for example, regarding the subject matter of the discovery requests are out of order unless tailored specifically to the direct impact, if any, on the three student plaintiffs.
This decision is not mean to limit the opportunity of the plaintiffs to subpoena individuals to testify at the hearing on February 23, 1994, to substantiate the claims of aggrievement by the student plaintiffs, but is aimed at prohibiting at this time discovery of the information sought by plaintiffs, which appears to be well outside the relatively narrow scope of the hearing as described in the January, 1994 memorandum.
Therefore, the protective order filed by the defendants is granted to the extent that the objections to the twenty-three requests for production contained in the Eigel deposition are sustained.
So Ordered.
Dated at Stamford, Connecticut this 9th day of February, 1994.
William B. Lewis, Judge